No. 11,997.

JOHNSON, GUARDIAN, ET AL. *v.* KITCH ET AL.

JUDGMENT.—*Injunction.*—*Master Commissioner.*—Where, by agreement of parties in open court, there is a reference to a master to report the amount due from the defendants to the plaintiff upon a judgment in controversy, and the master reports the amount due, and judgment is rendered therefor, which judgment is paid by the defendants, the original judgment is thereby superseded, and its collection may be enjoined.

From the Grant Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellants.

*J. Brownlee, J. F. McDowell* and *E. Kitch,* for appellees.

BICKNELL, C. C.—The complaint of the appellees alleges that in 1874 the appellant Johnson recovered a judgment against them for $185.37 and costs ; that they filed a bill to review said judgment; that in 1878 the parties to said bill appeared in open court and agreed that the matter in controversy between them as to how much, if anything, was due from the plaintiffs to the defendant on the judgment sought to be reviewed, should be referred to a master commissioner to take, state and report the amount due, the plaintiffs claiming that there was nothing due; that said master found and reported that only $1.53 was due; that said report was confirmed by the court, and a judgment was rendered against said plaintiffs for $1.53 and costs, which they paid; that by these proceedings said original judgment was rendered void; yet that said defendant Johnson has issued an execution on said original judgment to his co-defendant Eyestone, the sheriff, who is threatening to collect it.  The complaint prays that said original judgment may be set aside, and the defendants enjoined, etc.

A demurrer to the complaint, for want of facts sufficient, was overruled.

The defendant Johnson answered in three paragraphs, of which the first was afterwards withdrawn.  Demurrers to the

second and third of said paragraphs were sustained. There was no further pleading, and the court rendered judgment for the plaintiffs perpetually enjoining the collection of said original judgment. The defendants appealed. The rulings upon the demurrers present the only questions.

The appellants claim that the judgment for $1.53 was a nullity; that on a complaint for review a judgment of reversal is not a final disposition of the suit, but leaves the action as if no trial had taken place; that the merits of the original cause can not be litigated in an action to review; that such an action can be maintained only for error of law apparent, or for material new matter, and that the entry of a second judgment in such a case is not a vacation of the original judgment. But these propositions, if conceded to be true, do not show that the complaint is insufficient.

Although it may be true that on a bill of review the merits of the original cause can not be litigated as of right, yet, when the parties appear and the court has jurisdiction, and the parties agree in open court that the matter in controversy may be heard and determined by a master, and it is so heard and determined, and a judgment is rendered upon the report of the master without objection, such a judgment is not a nullity, but will bind both parties until reversed or vacated.

The complaint avers that the parties appeared and in open court agreed that the matters in controversy, on the amount claimed in said suit on said bond, should be referred to John P. Campbell, who was then and there appointed a master commissioner to take, state and report the amount due from said Kitch, if anything, on account of said cause of action for which said judgment was so rendered, and that said Campbell heard said cause and matters, and found that instead of $185.37, for which said judgment was rendered, there was due from said Kitch the sum of $1.53 only, which finding was reported to and was confirmed by the court, who rendered judgment for $1.53, instead of said judgment of $185.37, and said judgment for $1.53 was fully paid and satisfied.

Johnson, Guardian, *et al. v.* Kitch *et al.*

The complaint was sufficient; there was no error in overruling the demurrer to it.

The second and third paragraphs of the answer are substantially the same; they aver that the original judgment for $185.37 was obtained in 1874; that Kitch and Fox, at September term, 1874, filed a bill of review; that a demurrer to their bill of review was sustained, and that judgment was rendered against them on the demurrer, from which judgment they appealed to this court, where the judgment of the court below was affirmed in May, 1876; that afterwards said Kitch and Fox, in 1877, commenced another action to review said original judgment; that in this last action no issue was joined, and no judgment was rendered reversing said original judgment; wherefore said original judgment is in full force, etc.

These were not sufficient answers. Although the original judgment had been affirmed on a bill of review, and although Kitch and Fox could not have maintained a second bill of review, if objected to, yet, if the parties were before a court having jurisdiction, and there agreed that the matters in controversy, on which the original judgment was rendered, should be opened and referred to a master to hear and determine what, if anything, was due upon the matter on which said original judgment was rendered, and if the master made and reported his finding, and the same was confirmed by the court, and followed by a judgment without objection for $1.53 instead of the original judgment for $185.37, then the fact that said second bill of review might have been objected to and dismissed is no defence to a suit to prevent the collection of the original judgment thus superseded.

We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Feb. 12, 1885.

ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The only questions presented relate to the sufficiency of the complaint and the sufficiency of the second and third defences.

The defendants were seeking to enforce an old judgment against the plaintiffs. In the present suit the plaintiffs prayed for and obtained an injunction against the enforcement of that judgment.

In their complaint they alleged that there was nothing due on the judgment; that they had filed a bill to review it, and that the parties thereto appeared and in open court agreed that the whole matter in controversy between them as to how much, if anything, was due from the plaintiffs should be referred to a master; that said master reported the amount due as $1.53; that his report was confirmed by the court, and that judgment was rendered thereon against the plaintiffs for $1.53 and costs, which judgment they paid. This was a good complaint; if true, the appellant ought to have been enjoined from collecting the old judgment.

The second and third defences alleged, in substance, that the original judgment was obtained against the present plaintiffs in 1874; that they filed a bill to review it in September, 1874; that a demurrer to said bill was sustained by the circuit court, whose judgment was affirmed by this court on appeal; that the present plaintiffs in 1877, commenced another action to review said original judgment, and that in this last action no issue was joined, and no judgment was rendered reversing the original judgment. These defences do not meet the substance of the complaint.

If there were such an agreement and such action thereon as stated in the complaint, it is not material whether there was a formal issue or an express reversal of the original judgment. If the parties in open court consented to a reference of their controversy as to the amount due to a master, who

reported $1.53 only, and if on the confirmation of his report judgment was rendered for $1.53 and costs, which judgment was paid, it would be inequitable to enforce the original judgment.

The petition ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.
Filed April 2, 1885.